UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ORION J. BROOKS,

    Petitioner,

v.                                        Case No. 8:10-cv-2825-T-23EAJ

SECRETARY, Department of Corrections,

    Respondent.
_____/

## **O R D E R**

Brooks petitions for the writ of habeas corpus (Doc. 1) without identifying under which statutory provision he petitions. Nevertheless, a preliminary review is required. 28 U.S.C. § 2243. Because Brooks is not challenging the validity of confinement that is pursuant to a state court judgment, the petition is construed as pursuant to 28 U.S.C. § 2241.

Brooks complains that his pretrial bail is excessive in violation of his Eighth Amendment rights. A federal court has limited review of a state judge's bail determination.

> [T]he only issue to be resolved by a federal court presented with a habeas corpus petition that complains of excessive bail is whether the state judge has acted arbitrarily in setting that bail. Any other rule would not only commit the federal courts to the burdensome task of hearing evidence upon and setting bail de novo in a host of criminal cases, but also, and much more intolerable, such a rule would authorize an unwarranted and unconstitutional encroachment upon the prerogatives of the states in the due administration of their processes of criminal justice.

> A federal court would not be entitled to act in substitution of judgment for that of the state court. What the state court did would have to be beyond the range within which judgments could rationally differ in relation to the apparent elements of the situation.

Simon v. Woodson, 454 F.2d 161, 165 (5th Cir. 1972)[*] (citations omitted). See also Young v. Hubbard, 673 F.2d 132, 134 (5th Cir. 1982) ("[A] federal court does not sit in appellate review of a state court's exercise of judicial discretion in its grant or denial of bail.").

According to the petition, Brooks's bail was set by a state judge at $50,000. Considering that Brooks's pending charge is for "fleeing and eluding," a crime that itself shows a lack of respect for the orderly administration of justice, the state judge's determination of bail is not arbitrary.

Accordingly, the petition for the writ of habeas corpus (Doc. 1) is **DENIED**. The clerk shall enter a judgment against Brooks and close this case.

ORDERED in Tampa, Florida, on December 21, 2010.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[*] Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court. Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).